Dukes, Receiver, v. Love, Executrix.

Filed Sept. 25, 1884.

———————

No. 11,718.

DUKES, RECEIVER, v. LOVE, EXECUTRIX.

CORPORATION.—*Manufacturing Company.*—*Stockholder.*—*Individual Liability.* —*Employee.*—*Statute Construed.*—A corporation aggregate is not, and can not be, an employee of another corporation, within the meaning of the word "employees," as used in the proviso, in section 3869, R. S. 1881, and a stockholder of a debtor corporation is not individually liable for its debt to another corporation, under such proviso.

From the Marion Circuit Court.

*J. B. Julian* and *J. F. Julian,* for appellant.

*T. L. Sullivan, A. Q. Jones, F. Rand* and *J. M. Winter,* for appellee.

Howk, J.—This was a claim filed by the appellant, Aaron N. Dukes, receiver of the Indiana Manufacturing Company, against the estate of John Love, deceased. The appellee, Mary F. Love, executrix of the last will of such decedent, demurred to the appellant's claim or complaint upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court, and to this ruling the appellant excepted, and, declining to amend or plead further, judgment was rendered against him for the appellee's costs.

In this court the sustaining of the demurrer to his claim or complaint is the only error assigned by the appellant.

As the receiver of the Indiana Manufacturing Company, the appellant claimed from the estate of John Love, deceased, the sum of $17,635.85, being the principal and interest of a certain judgment rendered in the Marion Superior Court in favor of such manufacturing company and against the Wooten Desk Company; that such judgment was so rendered upon three promissory notes, executed by the Wooten Desk Company, a manufacturing corporation duly organized, on November 4th, 1874, under the laws of this State, to the Indiana Manufacturing Company, a like corporation also organized under the laws of this State, for a lot of desks manufactured by the latter for the former company, as its employee, in the regular course and prosecution of its business, namely, in the manufacture of desks as the employee of the Wooten Desk Company; that the notes not having been paid at maturity, suit was instituted thereon by the Indiana Manufacturing Company against the Wooten Desk Company, in the Marion Superior Court, on the 4th day of December, 1877, and such proceedings were thereafter had in such suit as that, on the 18th day of December, 1877, judgment was therein rendered on such notes for the sum of $10,921.40, and the costs of suit, "payable in the gold coin of the United States, and collectible without relief from valuation or appraisement laws, and said judgment to draw interest at the rate of ten per cent. per

annum;" that such judgment remained due and wholly un-paid; that an execution issued on such judgment, on the 7th day of August, 1878, had been returned by the sheriff of Marion county "no property found;" and that the Wooten Desk Company was at the time of the execution of such notes, and had been since, wholly and notoriously insolvent.

And the appellant averred that the decedent, John Love, having been at, before and after the time the said notes were so executed by the Wooten Desk Company, and at the time the cause of action accrued, a stockholder in such company, having subscribed to its capital stock at and before the exe-cution of said notes, and holding stock therein in his own name in the sum of $5,000, became and was liable therefor to the appellant receiver as aforesaid for the amount of his said claim and interest thereon; and that there existed no legal set-off or counter-claim against the appellant's claim in favor of the decedent's estate, or any person or corporation.

The appellant confessedly bases his right to a recovery in this cause upon the language of the *proviso* in section 3869, R. S. 1881, in force since August 24th, 1875. This section is the amended section 2 of an act approved February 25th, 1859, entitled, "An act to secure dues from private corpora-tions, and to extend their immunities to all citizens who may organize on the same terms." Acts 1875, Spec. Sess., p. 29. The section reads as follows:

"The stockholders and members of manufacturing and mining corporations shall only be liable for the amount of the stock subscribed by them respectively; and privileges or im-munities which have been heretofore granted to such corpo-rations shall, upon the same terms, equally belong to all citizens who may desire to incorporate themselves for the same purpose: *Provided,* That such stockholders shall be individually liable for all debts, due and owing laborers, servants, apprentices, and employees for services rendered such corporation."

In considering the question of the sufficiency of the appel-lant's claim or complaint, in the case in hand, the first point

presented for decision, in the natural order of things, may be thus stated: Upon the facts stated by the appellant in his claim or complaint, can it be correctly said that the Indiana Manufacturing Company was, in any proper or legal sense, the employee of the Wooten Desk Company, within the meaning of the proviso in section 3869, *supra?* We are of opinion that the question thus stated must be answered in the negative. A corporation aggregate is not an employee of another corporation, within the meaning of the statute; and where one corporation has become indebted to another corporation for work and labor done upon contract, it was never intended by the General Assembly, in the enactment of the above quoted section of the statute, as we construe its provisions, that the stockholders of the debtor corporation should be individually liable for such indebtedness. The statute first declares that the stockholders of a manufacturing corporation, such as the Wooten Desk Company, " shall *only* be liable for the amount of the stock subscribed by them respectively;" and it then provides that for all debts for services rendered such corporation, due and owing a class of persons designated as " laborers, servants, apprentices, and employees," the stockholders shall be individually liable. Here the word *employees* is qualified and its import and meaning limited and controlled by its association with the preceding words " laborers, servants, apprentices," in accordance with the familiar maxim, *noscitur à sociis.* *Aikin* v. *Wasson,* 24 N. Y. 482.

In *Coffin* v. *Reynolds,* 37 N. Y. 640, in construing a statute of New York very similar in its terms to the proviso in section 3869, *supra,* the court of appeals of New York say: "As an original question of construction, * * the scope and purpose of the statute was to protect the classes most appropriately described by the words used, as those engaged in manual labor, as distinguished from officers of the corporation or professional men engaged in its service; in short, to furnish additional relief to a class who usually labor for small compensation, to whom the moderate pittance of their wages.

is an object of interest and necessity, and who are poorly qualified to take care of their own concerns, or look sharply after their employers. * * * * If we were to attach to these words any larger meaning, we should be giving the statute a construction which would make it cover every kind of service; while its plain import and intent is to afford protection to a specific class enumerated, with care and discrimination."

We conclude, therefore, that upon the facts stated in the appellant's claim or complaint, in the case at bar, the Indiana Manufacturing Company was not an employee of the Wooten Desk Company, within the meaning of the word "employee," as used in the *proviso* in section 3869, *supra;* and that John Love, as a stockholder in the latter company, was not in his lifetime, and his estate is not since his death, individually liable for the indebtedness of such corporation, described in such claim or complaint, to the Indiana Manufacturing Company or its receiver. Other objections are urged by appellee's counsel to the appellant's claim or complaint; but as the one we have passed upon is fatal to his supposed cause of action, and leads, of necessity, to the affirmance of the judgment below, we need not, and do not, consider these other objections.

The demurrer to the claim or complaint was correctly sustained. The judgment is affirmed with costs.

Filed Sept. 25, 1884. Petition for a rehearing overruled Oct. 15, 1884.