422 P.2d 359

**Juanita HANCOCK, also known as Margaret Juanita Hancock, Third-Party Plaintiff-Appellee,**

**v.**

**Gene BERGER, Third-Party Defendant-Appellant.**

**No. 7990.**

Supreme Court of New Mexico.

Jan. 9, 1967.

322

Norton & Ingraham, Lovington, for appellant.

Dan B. Buzzard, Clovis, for appellee.

OPINION

COMPTON, Justice.

The executrix of the estate of E. C. Mc-Reynolds, deceased, a Texas real estate broker, brought this action to foreclose a judgment lien in the amount of $8,000.00 obtained by the deceased in the United States District Court for the District of New Mexico against Juanita Hancock, a Clovis real estate broker, and her saleswoman, Gene Berger, jointly and severally. The foreclosure action named only the defendant Juanita Hancock, who in turn filed a third-party complaint against her co-defendant Gene Berger, alleging that Hancock's liability was based solely on agency and that she was entitled to be indemnified by the third-party defendant Berger for any liability imposed upon her by reason of such agency relationship.

In addition to the main prayer for indemnity, Hancock sought to recover from

Berger a portion of the commission received by Berger upon the sale of the land later mentioned herein. Berger counterclaimed, asking an accounting of Hancock for commissions due Berger from other sales. No appeal was taken from the judgment foreclosing McReynolds' judgment lien against Hancock. Minus certain set-offs, Hancock was granted indemnity against Berger, and awarded a share of the commission on the underlying land transaction. Judgment was entered accordingly and the cross-defendant appeals.

The major issue to be decided is whether Hancock was vicariously liable only. This answer depends upon the findings in the federal court action, made a part of the record. Summarizing the federal court found that there was an agreement between McReynolds and Hancock that they would attempt to find property which McReynolds' client would buy or otherwise acquire by trade. It was agreed that any compensation or commission realized as the result of the consummation of such transactions would be equally divided between Hancock and McReynolds. Berger located a rancher or ranchers who wanted to sell and Hancock referred the entire matter to Berger. Berger thereafter consummated a deal with McReynolds' client and as a result of which the sellers owed a commission of $16,000.00. Instead of receiving a cash commission, however, Berger took a note payable to herself in the amount of $16,000.00, claiming it was for the payment of an option which she held on the sellers' lands; that the note for $16,000.00 was in fact a real estate commission and not received as payment for an option interest, and that she did not have a valid option on the land.

Federal court finding 9 is the subject of much discussion in this appeal and is set out verbatim:

"That defendant Berger failed at any time to advise the plaintiff that she had received a note for $16,000. She told him that she had a note but did not reveal the amount of it. That the defendant Berger had no authority from the defendant Hancock nor from the plaintiff to take a note in payment of the commission. That she, in fact, converted the entire commission and note to her own use knowing the right of the plaintiff to receive 1/2 of the commission. That there was a fiduciary relationship between the plaintiff and defendants and the defendants had a duty to advise plaintiff of all material facts. That the defendants failed to do so and the defendant Berger consented to take the commission in note form and then converted it to her own use."

Appellant Berger argues that the last sentence of finding 9 shows that Hancock was liable of her own fault and not just vicariously liable as the principal of Berger. Hancock's fault, appellant argues, was her

failure to inform McReynolds of her employee's claimed option interest in the land. We disagree, it is not contended that Hancock was jointly at fault in any so-called conversion of the note, nor that Hancock was aware that the compensation was to be other than a five percent commission. While Hancock may have had a duty to inform McReynolds of her employee's claimed interest, Iriart v. Johnson, 75 N.M. 745, 411 P.2d 226, it is clear that her failure to inform McReynolds of the option interest was not the basis for imposing liability upon Hancock. Hancock's liability was based solely upon her principal-agency relationship with Berger.

The trial court in the present action found from the federal court findings and "independent evidence" that "Hancock was not a party to any effort on the part of Gene Berger to deprive McReynolds of his one-half of said commission, and that all of her actions in connection with said transaction were based upon statements and representations made to her by Berger, which she believed to be true, and that she was in no manner directly liable to McReynolds for any of her actions in said transaction except by reason of the fact she was the principal and Gene Berger was her agent." This finding has ample support in the record.

■ When a principal or employer is held liable solely under the doctrine of respondeat superior he is entitled to indemnification from the agent or employee. Lommori v. Milner Hotels, 63 N.M. 342, 319 P.2d 949; Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900; and Collier v. Union Indemnity Co., 38 N.M. 271, 31 P.2d 697. See, also, Thomas v. Malco Refineries, 214 F.2d 884 (10th Cir. 1954).

■ Appellant's second point relied on for reversal is that it was legally impossible for Berger to have "converted" the note. The view we take of the case makes it unnecessary for us to decide whether the note was converted or if the conclusions are binding. Kaye v. Cooper Grocery Company, 63 N.M. 36, 312 P.2d 798. The real basis of Hancock's liability was that the contractual requirement to pay McReynolds one-half of the compensation received was not met. Even if we eliminate all reference to Berger's "conversion," the findings sufficiently show that payment to McReynolds was wrongfully withheld, for which judgment was rendered. That Berger took the $16,000.00 note in her own name without authority of Hancock is not disputed. The judgment being supported on other grounds, the conclusion of conversion by Berger, if error, was harmless error for which we will not disturb the judgment. Board of County Com'rs of Dona Ana County v. Little, 74 N.M. 605, 396 P.2d 591; Melfi v. Goodman, 73 N.M. 320, 388 P.2d 50; and Visic v. Paddock, 72 N.M. 207, 382

P.2d 694. See, also, Salazar v. Murphy, 66 N.M. 25, 340 P.2d 1075.

Appellant complains that the court limited the scope of her testimony. Specifically, she contends that Hancock was allowed to testify in support of her claim for indemnification and Berger was not permitted to testify in defense. The record does not support appellant's position. In finding Hancock's liability based on respondeat superior the trial court referred to the federal court findings and independent evidence. The portions of testimony establishing Hancock's lack of fault were not objected to and in fact were partially introduced through cross-examination by appellant. No objection having been made below, appellant cannot complain on appeal. Hayes v. Hagemeier, 75 N.M. 70, 400 P.2d 945; Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671; and Bishop v. Mace, 25 N.M. 411, 184 P. 215. Appellant's testimony was stopped only when she sought to establish her claim that the note represented payment of an option. She was properly prevented from attacking the federal court findings. See Lemon v. Morrison-Knudsen Co., 58 N.M. 830, 277 P.2d 542; Hollingsworth v. Hicks, 57 N.M. 336, 258 P.2d 724; and Dunham v. Stitzberg, 53 N.M. 81, 201 P.2d 1000.

Appellant complains of Hancock being allowed to assert a claim against third-party defendant unrelated to the claim filed by McReynolds against Hancock. The claim arises from an agreement between Hancock and Berger that Hancock was to receive 20% of the commission Berger received in completing the transaction.

Rules of Civil Procedure 14(a) and 18(a) limit third-party complaints to cases where there is a secondary liability against the third-party defendant arising out of the plaintiff's claim against the original defendant. 1A Barron and Holtzoff, Federal Practice and Procedure (Rules ed.) § 426. See Williams v. Miller, 58 N.M. 472, 272 P.2d 676; Salazar v. Murphy, 66 N.M. 25, 340 P.2d 1075. Compare Noland Company v. Garver Tank & Manufacturing Co., 301 F.2d 43 (4th Cir. 1962). Hancock's claim against Berger for 20% of Berger's commission is an independent claim of Hancock against Berger not based upon McReynolds' claim against Hancock, and accordingly Berger now asserts that claim was improperly joined in this action.

However, Berger waived her objection to a trial of this issue between herself and Hancock by failure to timely object thereto. Rule 12(h) of the Rules of Civil Procedure (§ 21–1–1(12) (h), N.M.S.A.1953), so far as pertinent, reads:

"(h) Waiver of Defenses. A party waives all defenses [except jurisdictional defects] and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, * * *."

Berger first objected to the joinder of the unrelated claim by third-party complaint at the conclusion of plaintiff's case and by a request for a conclusion of law at the end of the entire case. Except when jurisdiction of the court is attacked, a question of improper joinder is waived unless the question is raised by motion before answer or by the answer itself. It comes too late if made after trial has commenced on the merits. United States v. Costa, 11 F.R.D. 492 (W.D.Pa.1951) and see, also, Hugh K. Gale Post No. 2182 V. of F. W. v. Norris, 53 N.M. 58, 201 P.2d 777.

The trial court was not without jurisdiction and the judgment awarding Hancock 20% of the Berger commission is not void.

Appellant contends that the court erred in refusing certain findings and conclusions requested by her. This contention is without merit. The findings made were supported by substantial evidence. The tendered findings and conclusions were contrary to those made by the court and their refusal was not error. Lee v. Gruschus, 77 N.M. 64, 420 P.2d 311, and Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1.

The judgment should be affirmed. It is so ordered.

NOBLE, J., and WALDO SPIESS, J., Court of Appeals, concur.