428 P.2d 10

**PLATCO CORPORATION, Plaintiff-Appellee,**

v.

**M. A. SHAW, Defendant-Appellant.**

**No. 8179.**

Supreme Court of New Mexico.

May 22, 1967.

Malcolm L. Shaw, Hobbs, for appellant.

Heidel, Swarthout & Samberson, Lovington, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

This appeal comes from the same cause of action that was before this court in Platco Corporation v. Colonial Homes, Inc., 78 N.M. 35, 428 P.2d 9 decided May 19, 1967. In the district court the cause was first tried on the issues between the plaintiff and the defendant, Colonial Homes, Inc., and from an adverse judgment the plaintiff appealed. While the appeal was pending, the issues between the plaintiff and the defendant, M. A. Shaw, were tried and a judgment was then given in favor of the plaintiff. The complaint was on a single claim against both defendants. The defendant, M. A. Shaw, was president of the defendant corporation, Colonial Homes, Inc. The appeal brought to this court by the plaintiff-appellant was dismissed because it had been prematurely filed.

A summary of the facts discloses that the plaintiff is a Texas corporation authorized to do business in New Mexico. The defendant, Colonial Homes, Inc., is a New Mexico corporation. The defendant, M. A. Shaw, is a resident of New Mexico. In 1961 an oral agreement was entered into in New Mexico whereby the plaintiff agreed to pull the casing and to plug an oil well in Arizona for the defendant, Colonial Homes, Inc. The complaint filed by the plaintiff against both defendants was to re-

cover the compensation due the plaintiff pursuant to the agreement. At the conclusion of the trial on the issues between the plaintiff and Colonial Homes, Inc., the trial court found inter alia that the plaintiff had no contractor's license in Arizona, that the law of Arizona denied recovery by unlicensed contractors and that the law of Arizona controlled in this instance. On the trial of the issues between the plaintiff and the defendant, M. A. Shaw, the plaintiff amended its complaint by adding a second count in which it alleged the relationship of master and servant. The trial court allowed the amendment and at the conclusion of the trial found that the relationship between the defendant, M. A. Shaw, and the plaintiff was that of master and servant and concluded that the plaintiff was entitled to recover from the defendant. From a judgment in favor of the plaintiff, the defendant, M. A. Shaw, brings this appeal.

The first point raised by the appellant is that the action is barred by the Arizona Contractor's Licensing Laws in that the plaintiff was not a licensed contractor as required by such laws as a condition to recovery for work performed. Since our disposition of the second point raised by the appellant forecloses this contention it need not be considered.

█ The second point challenges the sufficiency of the evidence to support the trial court's finding that the relationship of the appellant and the appellee was that of master-servant or employer-employee. The testimony of George Platt, president of the plaintiff corporation, disclosed that in a telephone conversation with the defendant, M. A. Shaw, on November 4, 1961, the defendant stated that a Mr. Bob Long would supervise the entire operation. Further, that Bob Long met the crew furnished by the plaintiff at the job site and told them what to do and how to go about it every day. The defendant, M. A. Shaw, made no claim in his testimony that the relationship was that of independent contractor. In short, he denied having any connection with the plaintiff either by way of contract or employment. The defendant-appellant in his Brief in Chief admits that Bob Long was his agent. Applying the tests summarized in Shipman v. Macco Corporation, 74 N.M. 174, 392 P.2d 9, to determine whether or not a given status is that of independent contractor or employee, the finding of the trial court is supported by substantial evidence. Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299.

█■█ Finally, the appellant claims that the trial court erred in permitting the appellee to amend its complaint to include a second count. Obviously this claim of error lacks merit in view of § 21–1–1(15) (a), N. M.S.A.1953. This statute authorizes a party to amend his pleading as a matter of course at any time before a responsive pleading is served. Here the defendant, M. A. Shaw, had not filed a responsive pleading at the time of the amendment. Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200. Also, under this claim of error the appellant urges that the two counts of the amended complaint are inconsistent and that the appellee should, under the doctrine of election of remedies, assert and rely on either one, but not both, of his positions. Again, the appellant is met by § 21–1–1(8) (e), N.M.S.A.1953. This statute permits a party to state as many claims as he has regardless of consistency. Honaker v. Ralph Pool's Albuquerque Auto Sales, Inc., 74 N.M. 458, 394 P.2d 978.

Finding no reversible error the judgment of the trial court is affirmed.

It is so ordered.

NOBLE, J., concurs.

MOISE, Justice (concurring specially).

Although I agree that the case should be affirmed, I reach my conclusion through different reasoning than that adopted by the majority.

Plaintiff, a corporation doing business in New Mexico, had contracted with defendant Shaw, a New Mexico resident, "to furnish a workover rig and laborers for the purpose of enabling him to accomplish the

removal or pulling of casing from an oil and gas well on an hourly basis of $23.00 per hour, plus the cost of rental tools and equipment required, and plus the laborers' expenses," all under the supervision and control of defendant and his agent. The trial court concluded that this was an employer-employee relationship, and the majority, by its opinion, affirms this determination.

My disagreement arises out of my inability to find in the proof any basis for holding the relationship to be one of master and servant. I have considered our cases wherein we discussed the elements entering into a determination of whether a given individual is an employee or independent contractor, and have noted that one of the principal considerations distinguishing one from the other is the measure of control or supervision exercised over the performance of the project. Shaver v. Ray Bell Oil Co., 74 N.M. 700, 397 P.2d 723 (1964); Shipman v. Macco Corporation, 74 N.M. 174, 392 P.2d 9 (1964). However, control is not the exclusive qualification. No case has been called to my attention where control of manner or method of performing labor has resulted in a determination that a corporation was an employee or servant, and I doubt if in the nature of things it could be. See Annot., 20 A.L.R. 684, 802 (1922); Dukes, Receiver v. Love, Executrix, 97 Ind. 341 (1884). It would appear to me that a corporation as a servant or employee cannot be reconciled with the traditional concept of corporations as artificial beings created by law, 18 C.J.S. Corporations § 1, p. 366 with its business managed by a board of directors as required by statute. § 51–2–14, N.M.S.A.1953. Although corporations in numerous circumstances are regarded as "persons," they are "artificial persons." State ex rel. Northwestern Colonization & Improvement Co. v. Huller, 23 N.M. 306, 168 P. 528, 1 A.L.R. 170 (1917); 18 Am.Jur.2d 569, Corporations, § 20. I know of no instance where corporations have been considered to be "persons" so as to make the corporation an "employee." See 18 C.J.S. Corporations

§ 8, p. 386. As a matter of fact, I find it difficult to conceive how an artificial person can be an employee, or how control and direction of an employer can be substituted for the management required of a board of directors.

It seems to me the trial court came to a correct conclusion and should be affirmed, even though its finding and conclusion of an employer-employee relationship cannot be supported. There was ample basis for its conclusion and, under the circumstances, the error was harmless and does not require reversal. Hancock v. Berger, 77 N.M. 321, 422 P.2d 359 (1967).

Since the court found a contract between the parties and performance by plaintiff, for which it had not been paid, I see nothing interfering with plaintiff's right to judgment. I appreciate that the contract was principally performed in Arizona and that plaintiff had no contractor's license in Arizona. I also recognize that Arizona law requires every person, firm or corporation doing work such as that undertaken by plaintiff here for compensation other than "actual wages" (§ 32–1101, Ariz.Rev. Stat.1956) to be licensed as a contractor in Arizona, or be denied the right to maintain a civil action in its courts to recover payment therefor. § 32–1153, Ariz.Rev.Stat. 1956. I do not find in the arrangement between the parties, any agreement that plaintiff's compensation is in the nature of "actual wages." For cases considering when compensation is or is not "wages" see Commercial Motor Freight v. Ebright, 143 Ohio St. 127, 54 N.E.2d 297, 151 A.L.R. 1321 (1944); In re Thomas Deutschle & Co., 182 F. 430 (D.C.M.D.Pa.1910); Campfield v. Lang, 25 F. 128 (C.C.E.D.Wis.1885).

As I see the problem there is no reason for us to apply Arizona law, under the facts here present. The contract was made in New Mexico, presumably with intention of both parties that it be binding and enforceable in our courts, under our laws. Why, then, should we deny plaintiff access to the New Mexico courts? See 16 Am.Jur.2d 58, Conflict of Laws, § 39. Although under

some conflict of laws theories, we would apply Arizona law, others recognize our right to proceed under our own law. For a review of the various theories and policy considerations entering into such determinations, see 52 Colum.L.Rev. 959; Ehrenzweig, Conflict of Laws, §§ 173, 174, 175, et seq.; 32 Rocky Mt.L.Rev. 13; 46 Iowa L.Rev. 713; Lilienthal v. Kaufman, 239 Or. 1, 395 P.2d 543, 545 (1964); Woolley v. Bishop, 180 F.2d 188, 192 (10th Cir., 1950). I would decide the issues by applying New Mexico law, and when this is done plaintiff must prevail.

For the reasons stated, I specially concur in the opinion concluding that the case should be affirmed.