562 P.2d 1138

Robert BALDONADO, Plaintiff,

v.

NAVAJO FREIGHT LINES, INC., a New Mexico Corporation, and Robert A. Whedon, Defendants.

NAVAJO FREIGHT LINES, INC., and Robert A. Whedon, Third-Party Plaintiffs-Appellants,

v.

Ruth Ann English BALDONADO, Third-Party Defendant-Appellee.

No. 2553.

Court of Appeals of New Mexico.

Jan. 18, 1977.

John A. Myers, Coors, Singer & Broullire, Albuquerque, for appellants.

Charles B. Larrabee, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for appellee.

## OPINION

SUTIN, Judge.

This appeal involves only the dismissal of a third-party complaint for two reasons: (1) The third-party complaint against the third-party defendant for contribution was barred by the New Mexico "guest statute" [§ 64–24–1, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 2)], and (2) the third-party complaint against third-party defendant for property damage and personal injury was not proper under Rules 14(a) and 18(a) of the Rules of Civil Procedure [§ 21–1–1(14)(a), 18(a), N.M.S.A. 1953 (Repl.Vol. 4)]. We affirm.

*On October 30, 1974,* an automobile-truck accident occurred in Gallup, New Mexico. The automobile was driven by Ruth Ann English. Robert Baldonado was a guest in this car. The truck was owned by Navajo Freight Lines and it was operated by Robert A. Whedon.

Baldonado sued Navajo and Whedon for personal injuries. Navajo and Whedon filed a third-party complaint against English. Navajo sued for contribution and property damage. Whedon sued for personal injuries.

The English motion to dismiss was granted.

**A.** *Navajo's claim for contribution was barred by the New Mexico "guest statute."*

Section 64–24–1, supra, reads:

No person transported by the owner or operator of a motor vehicle as his guest . . . shall have a cause of action for damages against such owner or operator for injury . . ..

Under this statute, Baldonado had no claim for damages against English. English was immune from such suit. Therefore, the Joint Tortfeasors Act [§ 24–1–11, et seq., N.M.S.A. 1953 (Vol. 5)] protected English from a third-party complaint for contribution. *Rodgers v. Galindo,* 68 N.M. 215, 360 P.2d 400 (1961), overruled on other grounds, *Maestas v. Overton,* 87 N.M. 213, 531 P.2d 947 (1975).

Navajo and Whedon claim that this concept was abolished because the "guest statute" was declared unconstitutional on *September 23, 1975. McGeehan v. Bunch,* 88 N.M. 308, 540 P.2d 238 (1975). The Court said:

After due deliberation, it is the opinion of this court that the decision holding our guest statute unconstitutional shall be given *modified prospectivity.* That is, this newly announced rule shall apply *to the case at bar, all similar pending ac-*

tions and all cases which may arise in the future.* [Emphasis added] [88 N.M. at 314, 540 P.2d at 244].

*"Purely prospective"* application means that the overruling decision shall *not* apply to the parties *in the case at bar.* A *"modified prospective"* application means a qualified application: (1) that the *McGeehan* decision shall apply to the case at bar, (2) all similar *pending actions,* and (3) *all cases which may arise in the future.*

We must determine if the case at bar is a "pending action" or a case which "may arise in the future." It is neither.

(1) This is not a *"pending action."*

"A civil action is commenced by filing a complaint with the court." Section 21–1–1(3), N.M.S.A. 1953 (Repl.Vol. 4). "An action is to be regarded as pending from the time of its commencement until its final termination." 1 C.J.S. Actions § 142 (1936). Navajo's third-party complaint was not pending in court at the time of the *McGeehan* decision. *Brown v. Board of Education,* 81 N.M. 460, 468 P.2d 431 (Ct.App. 1970).

(2) *This is not a case that "may arise in the future."*

We are confronted with the meaning of the word "case," and the words "arise in the future." "The word 'case' in a legal sense, means 'suit.'" *State v. Reed,* 62 N.M. 147, 151, 306 P.2d 640, 642 (1957). The word "suit" is more general than the word "action" because it applies to equitable, criminal and legal proceedings. *In Re Sloan,* 5 N.M. 590, 25 P. 930 (1891).

Under Rule 3 of the Rules of Civil Procedure, supra, the words "civil action" are broad and used interchangeably with the words "civil case." See *Echols v. N. C. Ribble Company,* 85 N.M. 240, 511 P.2d 566 (Ct.App.1973).

A "cause of action" is not easily defined, but for purposes of this case, it means those facts which give rise to a right of action. 1 C.J.S. Actions § 8(c) (1936); 1 Am.Jur.2d Actions § 1 (1962). A cause of action accrues or arises when "there is an existing right to sue forthwith". *Reich v. Van Dyke,* 107 F.2d 682, 683 (3rd Cir. 1939). "Thus a cause of action arises when it springs up, originates, comes into being, becomes operative, presents itself." *Bergin v. Temple,* 111 Mont. 539, 111 P.2d 286, 289, 133 A.L.R. 1115 (1941).

What is meant by a case "which may arise in the future?" It does *not* mean a case "which may be filed in the future," or "which may be commenced in the future." If this were the intent of the court, it would have so stated. In *Vaughn v. Murray,* 214 Kan. 456, 521 P.2d 262 (1974), the court was confronted with *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362 (1974), pending in its court, which declared the Kansas "guest statute" unconstitutional without any provision for modified prospectivity. *Vaughn* concluded that *Henry* "be given retroactive application to all similar cases pending in the courts of [Kansas] on January 26, 1974, *and to cases filed thereafter regardless of when the causes of action accrued . . .*" [Emphasis added] [521 P.2d at 271]. If the emphasized language had appeared in *McGeehan,* English would not have the benefit of the "guest statute."

"A cause of action or *suit* arises, according to the universal rule in courts of both law and equity, *when and as soon as the party has a right to apply to the proper tribunal for relief . . . .*" [Emphasis added]. *Washington Sec. Co. v. State,* 9 Wash.2d 197, 114 P.2d 965, 967, 135 A.L.R. 1330 (1941).

In the instant case, the accident occurred on *October 30, 1974.* Navajo's causes of action arose at that time. Navajo's "case" arose at that time out of its right of action because a civil action could have commenced at that time. This date was long *before* the *McGeehan* opinion. Modified prospectivity therein granted English the benefit of the "guest statute."

The trial court properly barred the first count of Navajo's third-party complaint for contribution.

B. *Navajo's and Whedon's claims for property damage and personal in-*

*jury were not proper under Rules 14(a) and 18(a).*

Counts II and III of the third-party complaint were, respectively, independent claims of property damage to Navajo's truck and personal injuries to Whedon arising out of the same accident.

English moved to dismiss counts II and III on the ground that they did not state a claim for relief under Rule 14(a) of the Rules of Civil Procedure. The trial court sustained the motion to dismiss. We agree.

Rule 14(a) provides in part:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* [Emphasis added].

This emphasized language does not include an *independent* action by Navajo and Whedon against a third party.

Rule 18(a) provides in part:

.   .   .   [T]he defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims   .   .   .   as he may have against an opposing party.

"Rules of Civil Procedure 14(a) and 18(a) limit third-party complaints to cases where there is a secondary liability against the third-party defendant arising out of the plaintiff's claim against the original defendant." *Hancock v. Berger,* 77 N.M. 321, 325, 422 P.2d 359, 362 (1967). Navajo's and Whedon's third-party claims against English are not based on plaintiff's claim against Navajo and Whedon, and counts II and III are improperly joined.

In Navajo's reply brief, it states:

NAVAJO concedes that their Third Party Claims for property damage and personal injury depend upon the validity of their claim for contribution from ENGLISH and that if this Court finds that the Guest Statute applies to this case, then these claims are improperly joined.

We agree.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge (dissenting).

I dissent.

The plaintiff, Robert Baldonado, brought an action for personal injuries and property damage based on the negligence of the defendants, Navajo Freight Lines, Inc., and Robert A. Whedon. The defendants; then filed a third-party complaint against Ruth Ann English Baldonado. This third-party complaint, which sought contribution from a joint tortfeasor, was dismissed. The defendants appeal and I would reverse.

For reversal, the defendants present two points: (1) that the claim for contribution is not barred by the New Mexico guest statute; (2) that the claims for property damage and personal injuries were properly joined under Rule 18(a), N.M.R.Civ.P. [§ 21–1–1(18)(a), N.M.S.A.1953 (Repl. Vol. 4, 1970)].

*Facts*

Defendants' third-party complaint against Ruth Ann English Baldonado was contained in the answer to plaintiff's complaint. For clarity, we will refer to the third-party defendant as English. The third-party complaint reads as follows:

*"COUNT ONE*

"2. The Third-Party Claimants have been sued in this cause by ROBERT BALDONADO   .   .   .   for injuries allegedly incurred as a result of an accident on the 30th day of October, 1974

.   .   .   .   .

"3. The accident alleged in the Complaint   .   .   .   was caused by Third-Party Defendant's negligent operation of her automobile.

"4. If the Plaintiff, ROBERT BALDONADO, should recover anything under this Complaint against the Defendants and Third-Party Claimants, they should

have judgment over against the Third-Party Defendant for contribution.

\*   \*   \*   \*   \*   \*

### "COUNT TWO

"For its action against the Third-Party Defendant, Third-Party Claimant, NAVAJO FREIGHT LINES, INC., states:

"2. . . . the Third-Party Defendant negligently operated her vehicle causing it to collide with Defendant, NAVAJO FREIGHT LINES, INC.'s, vehicle.

"3. As a result of the collision described above, the Third-Party Claimant, NAVAJO FREIGHT LINES, INC., incurred the following items of damage:

| | |
|---|---|
| "Repairs to its truck | $ 880.97 |
| "Loss of use of its truck for eight days at $75.00 per day | $ 600.00 |
| "Driver delay expense | $ 116.64 |
| "TOTAL DAMAGE | $1,597.61 |

\*   \*   \*   \*   \*   \*

### "COUNT THREE

"For his claim against the Third-Party Defendant, Third-Party Claimant, ROBERT A. WHEDON, states:

"2. . . . the Third-Party Defendant negligently operated her vehicle causing it to collide with defendant, NAVAJO FREIGHT LINES, INC.'s vehicle which Third-Party Claimant, ROBERT A. WHEDON, was then operating.

"3. As a result of Third-Party Defendant's negligent operation of her vehicle, Third-Party Claimant, ROBERT A. WHEDON, sustained personal injuries.

"4. In the aforesaid collision, Third-Party Claimant, ROBERT A. WHEDON, sustained injuries necessitating medical treatment and expenses in the amount of $250.00 and suffered general damages in the additional sum of $2,500.00."

English did not file a responsive answer but filed a motion to dismiss, asserting that the New Mexico guest statute barred Baldonado's right to recovery for the negligent operation of the vehicle in which Baldonado was a passenger. Consequently, English asserted that the defendants' right to contribution from her was also barred. The motion to dismiss further asserted an im-

proper joinder of claims. The court entered an order and judgment which accepted English's assertions.

On September 23, 1975, the Supreme Court of New Mexico decided *McGeehan v. Bunch,* 88 N.M. 308, 540 P.2d 238 (1975). *McGeehan* found that unreasonable classifications created by the New Mexico guest statute were an unconstitutional denial of equal protection.

The New Mexico guest statute at the time of the *McGeehan* case was § 64–24–1, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2, 1972) which reads:

"Guests in motor vehicles—Right of action for damages for injury, death or loss.—No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or reckless disregard of the rights of others."

On November 17, 1975 Baldonado sued Navajo and Whedon. The defendants' third-party complaint was filed December 29, 1975.

*Point I*

Navajo's claim for contribution is not barred by the New Mexico guest statute.

The significant wording of *McGeehan* is:

"After due deliberation, it is the opinion of this court that the decision holding our guest statute unconstitutional shall be given modified prospectivity. That is, this newly announced rule shall apply to the case at bar, all similar pending actions and all cases which may arise in the future."

The third-party plaintiffs, Navajo and Whedon, argue that *McGeehan* applies to the *McGeehan* case itself, all cases pending at that time, and all cases filed after the decision. This gives the word "case" its ordinary meaning. I agree.

English argues that *McGeehan* applies only to causes of action which accrued after the decision. In other words, that it applies only to the *McGeehan* case and "causes of action" which arose afterwards. I disagree. If the court meant *McGeehan* to apply only to causes of action arising after the overruling decision, it would have used such wording.

I must also determine what the Supreme Court meant by "modified prospectivity." If the court had held that the overruling decision was to be given no retroactive effect, not even to the parties of the overruling case, such a holding would have left it quite clear that the overruling decision had no application to prior events where no litigation had commenced before the time of the overruling decision. If the court had held that the overruling decision was to be given such extensive retroactive effect as to authorize the overturning of prior final judgments, it would have been implicit that if no litigation in connection with prior events was pending, nonetheless the principles established in the overruling case would operate on such events.

But where, as in the *McGeehan* case, the court has held that the overruling decision will be applied retroactively to the parties to the overruling decision, and to other cases pending at the time the overruling case was decided, it is unclear to what extent the overruling decision should apply to prior events which were not the subject of litigation until after the overruling case was decided. When a court's decision is unclear, the application of a newly announced rule of law has engendered no little confusion and much commentary. See e. g., Beytagh, *Ten Years of Non-Retroactivity: A Critique and a Proposal,* 61 Va.L. Rev. 1557 (1975); Fairchild, *Limitation of New Judge-Made Law to Prospective Effect Only: "Prospective Overruling" or "Sunbursting,"* 51 Marq.L.Rev. 254 (1967–68).

The parties agree that the New Mexico Supreme Court has the power to deem a statute unconstitutional, applicable retrospectively or prospectively. *Great North-*

*ern Ry. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932).

This is a case of first impression in New Mexico and for guidance I look to other states. The Kansas Supreme Court declared the Kansas guest statute unconstitutional in *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362 (1974). In *Vaughn v. Murray,* 214 Kan. 456, 521 P.2d 262 (1974), the court considered the retroactive effect of the overruling decision. The court noted that the cases fall into four categories: (1) *purely prospective,* where the law declared will not apply even to the parties to the overruling case; (2) *limited retroactive,* where the law declared will govern the rights of the parties to the overruling case and apply prospectively in all other cases; (3) *general retroactive,* governing the rights of the parties to the overruling case and to all pending and future cases, unless further litigation is barred by the statute of limitations or jurisdictional rules of appellate procedure; and (4) *retroactive,* governing the rights of the parties to the overruling case, other cases pending when the overruling case was decided and all future cases, but limited so the new law will not govern the rights of the parties to cases terminated by a judgment or verdict before the overruling decision was announced. I find the reasoning of the Kansas Supreme Court compelling, and conclude that, by "modified prospectivity," the New Mexico Supreme Court meant categories (3) and (4) above.

English cites *Hicks v. State,* 88 N.M. 588, 544 P.2d 1153 (1975). That case was modified to apply purely prospectively; i. e., only to torts arising subsequent to the decision. The general rule is that unless there are special circumstances (such as reliance) which require the denial of retroactive application, an overruling decision will be given retroactive as well as prospective application. Currier, *Time and Change in Judge-Made Law: Prospective Overruling,* 51 Va.L.Rev. 201, 205 (1965); Note, *Limitation of Judicial Decisions to Prospective Operation,* 46 Iowa L.Rev. 600, 617 (1961). Although the traditional policy is in favor of giving unlimited retroactive effect to an

overruling decision, it is now recognized that a court has the power to go to the opposite extreme and overrule a case purely prospectively. *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *State v. Jones,* 44 N.M. 623, 107 P.2d 324 (1940).

But *Hicks* is not relevant to this case. As stated by Currier in his excellent article, supra, the fault concept of tort liability has generally left little room for reliance. He states:

"The history of Anglo-American tort law has been largely that of retroactive judicial expansion of tort liability, without concern for the tortfeasor's reliance, ever since the action on the case was first recognized—retroactively—by the fiat of the judges. . . . More important, the courts need not go as far to protect such reliance in this area as in the property field, because here reliance, such as it is, is at best only one-sided, and to protect it requires denial of equality to tort claimants. . . ." 51 Va.L.Rev. at 244 [Citation omitted].

Pure prospectivity has been especially appropriate in cases such as *Hicks,* where sovereign immunity was overruled, because of the high degree of reliance. The agencies losing immunity would have no opportunity to obtain insurance. *Molitor v. Kaneland Community Unit Dist.,* 18 Ill.2d 11, 163 N.E.2d 89 (1959); see also *Spanel v. Mounds View School Dist.,* 264 Minn. 279, 118 N.W.2d 795 (1962). In *Hicks,* stability and the right to rely on existing law seem to have controlled. See also *Gelpcke v. City of Dubuque,* 68 U.S. (1 Wall.) 175, 17 L.Ed. 520 (1863) (affecting property rights).

English also relies on two other cases. In *Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974) the Supreme Court of Idaho refers to "modified prospectivity" as meaning that the newly announced law applies to the case which they decided and also "to all actions arising in the future." *Johnson v. Hassett,* 217 N.W.2d 771 (N.D.1974) states:

"The decision in this case will govern this case and otherwise will be prospective only, applying to claims for relief

accruing on and subsequent to the date of this opinion . . . ."

Because the wording of these cases is different from the wording in *McGeehan,* these cases are distinguishable.

I believe the Supreme Court of New Mexico intended *McGeehan* to apply to that case itself, to cases pending at that time of the decision, and cases or lawsuits filed subsequent to the ruling. This case was filed subsequent to the ruling of *McGeehan* ; therefore the ruling applies to it. There is no reliance, as in *Hicks,* which would justify purely prospective application.

I hold that the court erred in determining that *McGeehan* did not apply to the instant case. The defense of the guest statute is not applicable and the defendants can implead English as a third-party defendant.

*Point II*

Navajo's and Whedon's claims for property damage and personal injury were properly joined under Rule 18(a), supra. In deciding this issue I must determine whether two rules are applicable. First, Rule 14(a) N.M.R.Civ.P., [§ 21–1–1(14)(a), N.M.S.A. 1953 (Repl. Vol. 4, 1970)]:

"*Rule 14. Third-Party practice.*

"(a) *When defendant may bring in third-party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than ten [10] days after he serves his original answer. . . ."

Also, I must decide whether Rule 18(a) is applicable:

"*Rule 18. Joinder of claims and remedies.*

"(a) *Joinder of claims.* The plaintiff in his complaint or in a reply setting forth a counterclaim and *the defendant in an an-*

*swer* setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. . . . There may be a like joinder of . . . third-party claims if the requirements of Rule . . 14 respectively are satisfied." [Emphasis added].

Based on my decision that Count I of the third-party complaint stated a claim for contribution, I believe the court erred in dismissing Counts II and III of the third-party complaint. Under Rules 14(a) and 18(a) the defendants had a right to join English as a third-party defendant for these additional claims.

In 1966 the federal rules were amended to correct a split of authority. Some courts had read the rules restrictively. Although New Mexico did not amend its Rule 18, I read the rule in the permissive manner which permits joinder. Walden, Civil Procedure in New Mexico § 6c(3). This conclusion is necessary to effectuate the purpose of the rules of civil procedure; namely, to prevent multiple and circuitous actions, and prevent the possibility of inconsistent results. See e. g., *Prager v. Prager,* 80 N.M. 773, 461 P.2d 906 (1969).

The case of *Hancock v. Berger,* 77 N.M. 321, 422 P.2d 359 (1967) is not applicable. Therein, the Court held that joinder of an unrelated or independent claim was not void if objection to joinder came at the conclusion of the case. It did not consider whether additional, related claims can be joined in a third-party complaint once the third-party defendant has been properly impleaded under Rule 14(a). The claim which was to be joined in *Hancock* was unrelated to the plaintiff's action against the third-party plaintiff. In the instant case all the claims arise out of the same operative facts which gave rise to the original action; therefore, the claims are not unrelated and joinder is proper.

The district court having erred, I would reverse the summary judgment and would remand this case for proceedings consistent with my opinion.