This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                 **NO. 34,002**

**ROSENDO NAJAR,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Ramsey & Hoon, LLC
Twila A. Hoon
Socorro, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}    Defendant appeals from the district court's judgment affirming his DWI conviction (first offense) following an on-record appeal from his bench trial

conviction in metropolitan court. [RP 55, 68, 122, 134] Our notice proposed to affirm, and Defendant filed a timely memorandum in opposition (MIO). We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     Defendant continues to argue that "the roadblock was unconstitutionally located at an unreasonable location which targeted patrons of TD's." [DS 10; MIO 9] *City of Las Cruces v. Betancourt*, 1987-NMCA-039, ¶¶ 14-21, 105 N.M. 655, 735 P.2d 1161 (listing eight factors for lists for determining the reasonableness of a roadblock, one of which is the location of the roadblock). As support for his continued argument, Defendant again refers to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1. [DS 10; MIO 10] As we emphasized in our notice, Defendant failed to show how his being a patron at TD's qualified him as a member of a protected class. In this regard, we do not equate Defendant's status as having been a patron at TD's to support his suggestion that he was targeted for his sexual orientation or gender identification. [MIO 11] *Cf. Betancourt*, 1987-NMCA-039, ¶ 17 (stating that "[o]bviously, a location chosen with the actual intent of stopping and searching only a particular group of people, i.e., hispanics, blacks, etc., would not be tolerated").

Moreover, Defendant nonetheless failed to establish actual intent in placing the roadblock in order to target clientele of TD's. Significantly, in choosing the checkpoint's location, Sergeant Cottrell considered safety factors, traffic flow, crash

data, lighting, terrain, and past successful DWI roadblocks at the location, noting specifically that construction had nothing to do with his choosing the location. [RP 129; MIO 10] In such instance, for the same reasons articulated by the district court [RP 128-30], we conclude that there is nothing to indicate that Sergeant Cottrell's intent in selecting the location was discriminatory or that the location itself was otherwise unreasonable. *See, e.g.*, *State v. Bates*, 1995-NMCA-080, ¶¶ 19, 24, 120 N.M. 457, 902 P.2d 1060 (concluding that location of roadblock was reasonable with no indication of an intent to stop and search a particular group of people by relying on the officer's general testimony that the choice of location was based on traffic analysis indicating a number of alcohol related accidents in the general vicinity and that the location was a frequently traveled thoroughfare with alcohol related problems). We accordingly hold that the roadblock satisfied the *Bentancourt* factor for location.

{3} Apart from arguing that the roadblock unconstitutionally targeted patrons of TD's, Defendant also continues to argue that the roadblock was unconstitutional because there was insufficient advance publicity. [DS 11; MIO 12] *See Betancourt*, 1987-NMCA-039, ¶¶ 21-22 (including advance publicity as a factor to consider when addressing the reasonableness of a roadblock). Defendant again refers to *Franklin* and *Boyer* in support of his continued argument. [DS 11-12; MIO 12] For the reasons provided in the notice, we agree with and adopt the district court's resolution of this

argument. In doing so, we too rely on Sergeant Cottrell's testimony about the e-mail notice he sent to a number of media outlets, with its attachment informing the media of the roadblock including the date, time, and approximate location. [RP 123, 125, 130] We further agree that any impact of the email's warning regarding viruses or of Sergeant Cottrell's lack of followup with the media agencies [MIO 12-13] was a matter of weight for the fact finder to consider. *See generally State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 (reiterating that the reviewing court does not invade the province of the fact finder by second guessing its decisions concerning witness credibility or the weight of the evidence).

{4}     Based on the reasoning set forth in our notice and in foregoing discussion, we propose to affirm.

{5}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**